FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ JUL ⬤⬤ 2007 ★
BROOKLYN OFFICE

07 3137

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

SHIRLEY ELZINGA,

          Plaintiff,

– against –

LOWEN'S DRUG STORE, INC., LOWEN'S
COMPOUNDING PHARMACY, LLC,
JULIUS NASSO and JOHN ROSSI,

          Defendants

NOTICE OF REMOVAL

GLASSER, J.

GOLD, M.J.

---

        Defendant's Lowen's Drug Store, Inc., Lowen's Compounding Pharmacy, LLC, Julius Nasso and John Rossi hereby respectfully petition this Court for removal of the action entitled Shirley Elzinga v. Lowen's Drug Store, Inc. et al., now pending in the Supreme Court of the State of New York, Kings County to the U.S. District Court for the Eastern District of New York.

### JURISDICTION AND VENUE

1.     This Court has subject matter jurisdiction over the claims asserted herein pursuant to 15 U.S.C. §§ 1121 and 1125(a) and 28 U.S.C. 1332.

2.     Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b) and (c) in that Defendants are subject to personal jurisdiction in this judicial district at the time this action is commenced and as a judicial district in which a substantial part of the events giving rise to the claims occurred.

## PARTIES

3. Plaintiff, Shirley Elzinger, is an individual who operates an alternative health care business with a principal place of business at 415 North Camden Drive, Beverly Hills, California.

4. Defendant, Lowen's Drug Store is a corporation duly organized and existing under the laws of the State of New York with its principal place of business at 6902 Third Ave. Brooklyn, NY 11209.

5. Defendant, Lowen's Drug Compounding, LLC is a limited liability company organized pursuant to the laws of the state of New York having an office at 6902 Third Avenue, Brooklyn, New York 11209.

6. Defendant, John Rossi, is an individual who resides in the state of New York and is the as owner of Defendant Lowen's Drug Store, Inc. and Lowen's Compounding Pharmacy, LLC.

7. Defendant, Julius Nasso, is an individual who resides at 16 Wakefield Road, Staten Island, New York and is an owner of Lowen's Drug Store Inc.

## FACTS

8. On July 18, 2007 Plaintiff filed this action in the Supreme Court of the State of New York in Kings County see the attached Exhibit A.

9. Defendants' have consented to and request that this action be removed from state court and adjudicated in federal court.

10. The federal court has jurisdiction based on diversity and the amount in controversy exceeds $75,000, exclusive of interest.

**WHEREFORE,** Defendants petition this Court to remove the above-captioned action now pending in the Supreme Court of the State of New York, Kings County to the U.S. District Court for the Eastern District of New York.

Dated: New York, New York
July 30, 2007

Respectfully submitted,

AUFRICHTIG STEIN & AUFRICHTIG, P.C.

By: _____
Paul S. Aufrichtig (PA 1117)
Attorneys for Defendants
300 East 42nd Street, 5th Floor
New York, New York 10017
(212) 557-5040

3

# EXHIBIT A

# EXHIBIT A

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS

--------------------------------------------------------X

SHIRLEY ELZINGA,                                         :     Index No.:  26305/2007
                                                         :
                         Plaintiffs,                     :     Date Purchased:  7/18/07
                                                         :
         -against-                                       :     **SUMMONS**
                                                         :
LOWEN'S DRUG STORE, INC., LOWEN'S                        :
COMPOUNDING PHARMACY, LLC,                               :     Plaintiff designates Kings County as
JULIUS NASSO and JOHN ROSSI,                             :     the place of trial.
                                                         :
                         Defendants.                     :     The basis of the venue designated is
                                                         :     the residence of defendant.
--------------------------------------------------------X

TO THE ABOVE DEFENDANTS:

**YOU ARE HEREBY SUMMONED** and required to answer the Complaint in this action and to serve on plaintiff's attorneys, at their address stated below, a copy of your Answer within 20 days after service of this Summons, exclusive of the day of service (or within 30 days after the service is complete if the Summons is not personally delivered to you within the State of New York). If you fail to appear or answer, judgment will be taken against you by default for the relief demanded in the Complaint.

Dated: New York, New York
       July 18, 2007

                                    WINDELS MARX LANE & MITTENDORF, LLP

                              By:   _____
                                    Robert D. Mercurio
                                    Stephen M. DeHoff
                                    156 West 56th Street
                                    New York, New York 10019
                                    (212) 237-1000

                                    *Attorneys for Plaintiff*

To:    Lowen's Drug Store, Inc.
       6902 Third Avenue
       Brooklyn, New York 11209

KINGS COUNTY CLERK
RECEIVED 2007 JUL 18 PM 1:42

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
------------------------------------------------------------ x
SHIRLEY ELZINGA,

                Plaintiffs,

   -against-

LOWEN'S DRUG STORE, INC., LOWEN'S
COMPOUNDING PHARMACY, LLC,
JULIUS NASSO and JOHN ROSSI,

                Defendants.
------------------------------------------------------------ x

Index No.: 26305/2007

**COMPLAINT**

Filed 7/18/07
KINGS COUNTY CLERK

Plaintiff Shirley Elzinga ("Plaintiff"), by her undersigned attorneys, as and for her Complaint against Defendants Lowen's Drug Store, Inc (Lowen's), Lowen's Drug Compounding Pharmacy, LLC ("Lowen's Drug Compounding"), Julius Nasso ("Nasso") and John Rossi ("Rossi") (collectively, "Defendants") alleges as follows:

### NATURE OF THE ACTION

1. This is an action arising from Defendants' management and operation of a drug compounding pharmacy business created in partnership with Plaintiff, pursuant to an agreement entered into in or about September 2004. Specifically, Defendants agreed to partner with Plaintiff in the management and operation of a drug compounding pharmacy and share the profits equally with Plaintiff.

2. Plaintiff brings this action because Defendants have asserted exclusive control over the partnership's assets and income, and have failed and refused to honor their obligations to share the profits of the venture.

3. In addition, Defendants have converted Plaintiff's property for their own benefit by refusing to return equipment, supplies, inventory, client lists, formulas and other support

materials Plaintiff previously provided to Defendant for the purpose of the partnership's operation of the drug-compounding business.

## PARTIES

4. Plaintiff, Shirley Elzinga, is an individual who operates an alternative health care business with a principal place of business at 415 North Camden Drive, Beverly Hills, California.

5. Defendant Lowen's Drug Store, Inc. is a New York corporation licensed to do business in the State of New York with a place of business at 6902 Third Avenue, Brooklyn, New York.

6. Defendant Lowen's Drug Compounding, LLC is a limited liability company organized pursuant to the laws of the State of New York.

7. Lowen's and Lowen's Drug Compounding were at all relevant times, upon information and belief, in the business of, *inter alia*, operating as a drug-compounding pharmacy.

8. Defendant, John Rossi, is an individual who, upon information and belief, resides in the State of New York. Upon further information and belief, Rossi is an officer, director or owner of Lowen's.

9. Defendant, Julius Nasso, is an individual who, upon information and belief, resides at 16 Wakefield Road, Staten Island, New York. Upon further information and belief, Nasso is an officer, director or owner of Lowen's.

## JURISDICTION AND VENUE

10. This Court has personal jurisdiction over defendants pursuant to CPLR § 301. Venue of this action in this Court is proper under and by virtue of New York CPLR §§ 503 and

## STATEMENT OF FACTS COMMON TO ALL CLAIMS

11. Plaintiff is a renowned expert in anti-aging treatments, and a founder and director of the Preventive Medicine Clinic of Beverly Hills, California. She is a registered professional nurse, a certified nurse anesthetist and a doctor of chiropractic medicine. In addition to operating an alternative health care business, in 2004, Plaintiff owned and operated a drug compounding pharmacy in Beverly Hills, California.

12. Upon information and belief, Defendants Nasso and Rossi are the principal owners of Lowen's Pharmacy, located in Brooklyn, New York.

13. In 2004, Defendant Nasso approached Plaintiff and began discussions concerning establishing a drug compounding pharmacy on the east coast.

14. At that time, Lowen's was not equipped as a compounding pharmacy, meaning it stocked and sold pharmaceuticals purchased from outside suppliers, rather than mixing pharmaceuticals on-site.

15. In or about August 2004, the parties entered into an agreement pursuant to which Plaintiff agreed to close her California based drug compounding business and transfer the business assets to Lowen's.

16. Specifically, Plaintiff agreed to supply Lowen's with the necessary equipment, initial inventory, client lists, formulas and other support materials necessary to create a drug compounding pharmacy at Lowen's. Plaintiff also agreed to train Defendants' employees in the practice of compounding pharmaceuticals and the administration of hormone replacement therapies. Plaintiff further agreed that she would institute a marketing program to generate sales for products produced by the newly established compounding pharmacy and work to arrange the transfer of clients from her former drug compounding pharmacy to the new pharmacy venture.

17. In return, Defendants agreed to share profits from the sales of compounded drugs equally with Plaintiff.

18. As contemplated by the parties' agreement, on September 1, 2004, Defendants arranged for the pharmacist at Lowen's, Dan Meadows, to travel to Plaintiff's drug compounding pharmacy in California for the purpose of learning the drug compounding business and training to become the parties' drug compounding pharmacist.

19. Subsequently, beginning in October 2004 and through December 2006, Plaintiff delivered computers, software, pharmacy equipment, pharmaceuticals and supplies to Lowen's.

20. Defendants used the equipment and supplies and training provided by Plaintiff to establish and operate a drug compounding pharmacy at Lowen's. Upon information and belief, Defendants generated in excess of $3,000,000 in revenues through their operation of the compounding pharmacy.

21. Despite Plaintiff's performance of her obligations, including devoting substantial time and resources marketing the partnership to customers, Defendants have failed to pay Plaintiff her share of the profits generated by the parties' enterprise.

22. Rather than compensate Plaintiff as previously agreed, upon information and belief, Defendants Rossi and Nasso have misappropriated and redirected the partnership's profits to their unrelated personal and business ventures.

## FIRST CAUSE OF ACTION
### (Accounting)

23. Plaintiff repeats and realleges each and every allegation set forth above in paragraphs 1 through 22 as if fully set forth herein.

24. Pursuant to the terms of the parties' agreement, Plaintiff entrusted Defendants with exclusive access to Plaintiff's equipment, supplies and customer lists. Moreover, Plaintiff

entrusted Defendants with exclusive access and control of the daily operation of the drug-compounding pharmacy, as well as the accounting of all income generated by the venture.

25. Plaintiff has requested full and true information about the financial affairs of the parties' venture.

26. Defendants have refused to provide such information.

27. No legal remedy exists for Plaintiff.

28. Plaintiff has no other recourse but to obtain an accounting to determine the amount of receipts obtained by Defendants on behalf of plaintiff, the amount and nature of disbursements by Defendants and those acting at their direction, and the reasons for such disbursements.

## SECOND CAUSE OF ACTION
### (Breach of Contract)

29. Plaintiffs repeats and realleges each and every allegation set forth above in paragraphs 1 through 28 as if fully set forth herein.

30. Nasso and Rossi, individually, and on behalf of Lowen's, entered into an agreement to operate a drug compounding pharmacy with Plaintiff and jointly share with her in the pharmacy's profits, in exchange for Plaintiff's agreement to provide the necessary equipment and marketing services required to create a drug compounding pharmacy.

31. Plaintiff's and Defendants' agreement constitutes a binding and enforceable contract.

32. Plaintiff performed all of the services requested of her pursuant to the parties' contract.

33. In failing and refusing to pay the Plaintiff for services rendered as aforesaid, Defendants have breached their contract with Plaintiff.

5

34. As a result of the breach as aforesaid, the Plaintiff has suffered damages in an amount to be established at trial, but believed to be in excess of $1,000,000.00.

## THIRD CAUSE OF ACTION
(Unjust Enrichment)

35. Plaintiff repeats and realleges each and every allegation set forth above in paragraphs 1 through 34 as if fully set forth herein.

36. Plaintiff has provided Defendants with marketing and training services, client lists, equipment and formulas, for which the Defendants have not paid.

37. Plaintiff has also provided Defendants with marketing and sales services for which Defendants have not paid. Said marketing and sales services have resulted in substantial revenue for Defendants.

38. In failing to pay for the aforementioned services, client lists, equipment and formulas, Defendants have been unjustly enriched at Plaintiff's expense.

## FOURTH CAUSE OF ACTION
(Conversion)

39. Plaintiff repeats and realleges each and every allegation set forth above in paragraphs 1 through 38 as if fully set forth herein.

40. Plaintiff laid her trust and reposed confidence in Defendants by providing certain equipment, materials and supplies, owned by Plaintiff, in the care and custody of Defendants in connection with their performance of the parties' partnership agreement.

41. After purporting to terminate their relationship with Plaintiff, Defendants retained Plaintiff's equipment, materials and supplies, which are of substantial value.

42. As a result of the foregoing, Defendants either separately or in combination have, to their benefit, converted Plaintiff's equipment, materials and certain other of Plaintiff's chattel.

43. The foregoing acts of Defendants constitute conversion of Plaintiff's property for which the defendants are liable to plaintiff in an amount to be determined at trial, but not less than $50,000.00.

## FIFTH CAUSE OF ACTION
### (Promissory Estoppel)

44. Plaintiff repeats and realleges each and every allegation set forth above in paragraphs 1 through 43 as if fully set forth herein.

45. Defendants promised Plaintiff that they would operate the drug-compounding business jointly with Plaintiff, as partners, and not exploit the benefits of the business to the exclusion of Plaintiff.

46. In reasonable and justifiable reliance on Defendants' promise, Plaintiff terminated her Beverly Hills, California drug-compounding business, transferred all of her supplies, formulas, ingredients, client lists and protocols to Defendants, and marketed the new venture to new and existing clients, thereby relinquishing the valuable benefits her already established drug-compounding business would have provided had she not terminated the business.

47. It was foreseeable to Defendants that Plaintiff would take the foregoing steps in reasonable and justifiable reliance on Defendants' promise to operate the business jointly with Plaintiff, as partners.

48. Defendants breached their promise to Plaintiff by establishing a drug-compounding pharmacy and operating it exclusively for their benefit, not jointly with Plaintiff as partners.

49. Plaintiff has suffered severe economic damage by Defendants' breach of their agreement.

50. By reason of the foregoing, Plaintiff is entitled to damages in an amount to be determined at trial.

### SIXTH CAUSE OF ACTION
### (Quantum Meruit)

51. Plaintiff repeats and realleges each and every allegation set forth above in paragraphs 1 through 50 as if fully set forth herein.

52. In connection with the parties' agreed venture, Plaintiff provided marketing and sales services to Defendants.

53. The reasonable value of those services is $3,706,800.00.

54. In connection with the services that Plaintiff provided to Defendants, Plaintiff incurred out-of-pocket expenses of approximately $15,000.00.

55. Plaintiff has demanded that Defendants pay for said services, but Defendants have failed and refused to pay for same.

56. Plaintiff's services were rendered in a good and workmanlike manner, and her services were accepted under circumstances that reasonably put Defendants on notice that Plaintiff, in performing the services, expected to be compensated by Defendants.

57. As a direct result of Plaintiff's rendition of services, a benefit was conferred on Defendants in that Defendants were provided with customer lists, medical referrals and customer orders.

58. Defendants accepted the benefit of Plaintiff's goods and services, but have refused to fully compensate her for them.

59. By reason of Defendants' failure to pay, Plaintiff has been damaged in the amount of $3,721,800.00.

WHEREFORE, Plaintiff demands judgment as follows:

a. judgment against Defendants providing for an accounting of all monies disbursed and received by Defendants in connection with the management and operation of Lowen's Drug Store, Inc. and Lowen's Drug Compounding LLC;

b. judgment against Defendants in the amount of any sum or balance found to be due to Plaintiff from Defendants following the accounting;

c. judgment against Defendants compelling Defendants to return the equipment, supplies, inventory, client lists, formulas and other support materials Plaintiff previously provided Defendants;

d. judgment against Defendants for all monetary damages suffered by Plaintiff as a result of their wrongful actions, including their breaches of contract, wrongful appropriation of Plaintiff's property and failure to operate the compounding pharmacy business as contemplated by the parties and to share the profits of that enterprise with Plaintiff; and

e. such other and further relief as this Court deems just and proper, including the costs and disbursements of this action

Dated: New York, New York
July 18, 2007

WINDELS MARX LANE & MITTENDORF, LLP

By: _____
Robert D. Mercurio
Stephen M. DeHoff
156 West 56th Street
New York, NY 10019
(212) 237-1000

*Attorneys for Plaintiff*

9